IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRELL O'NEAL

       Plaintiff,                    No. CIV S-04-0270 LKK CMK P

     vs.

SGT. VAUGHN[1], et al.,

       Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Defendants' motion to dismiss and to reconsider the court's November 29, 2004 order is before the court.

///

///

///

///

---

[1] Although the name "Vaughn" is in the caption, it appears that the correct name for this defendant is "Voong." The correct name for this defendant is reflected in plaintiff's August 24, 2004 response to the court's order to show cause and in defendants' motion to dismiss.

1

## I. Factual and Procedural Background

Plaintiff alleges that, due to a seizure disorder, he had written medical clearance, also known as a "chrono," for a bottom bunk. Despite plaintiff's chrono for a bottom bunk, defendants placed him on a top bunk. Plaintiff subsequently had a seizure and fell off the top bunk, causing injuries.

Plaintiff submitted his complaint, along with a request to proceed in forma pauperis, to this court on February 5, 2004. On August 6, 2004, the court issued an order granting plaintiff's request to proceed in forma pauperis. Because it appeared that plaintiff had failed to exhaust his administrative remedies prior to bringing the complaint, the court issued a second order on August 6, 2004, directing the plaintiff to provide a written explanation of his apparent failure to exhaust available administrative remedies prior to filing in federal court. Plaintiff responded on August 24, 2004.

Plaintiff's August 24, 2004 response revealed the following. On November 28, 2003, plaintiff submitted an appeal alleging that he sustained injuries when he fell from a bunk bed during a seizure and that he should not have been assigned a top bunk. He requested an investigation, full accommodation with medical appliances for his injuries, medical attention and money damages. On December 1, 2003, plaintiff was told to resubmit the appeal with a copy of his lower bunk chrono.

Plaintiff returned the appeal with the copy of his lower bunk chrono on December 4, 2004 and on January 21, 2004, the appeal was denied at the first level of review.

On January 23, 2004, plaintiff appealed to the second level, requested that his appeal be granted in its entirety. Prison officials notified plaintiff that the time to resolve his appeal was extended from February 25, 2004, until March 1, 2004. On March 2, 2004, the appeal was partially granted in that it was determined that plaintiff was receiving proper medical attention but the other allegations were unsubstantiated.

///

1  On March 11, 2004, plaintiff appealed to the director's level.  He requested his
2 appeal be granted in its entirety and sought an internal investigation because prison officials had
3 misrepresented the facts surrounding the events of November 23, 2003.  The appeal was denied
4 June 10, 2004.
5  In an order filed November 29, 2004, the court noted that plaintiff had submitted
6 his complaint on February 5, 2004 and that the court granted plaintiff's request to proceed in
7 forma pauperis on August 6, 2004.  The court acknowledged that 42 U.S.C. § 1997e(a) requires
8 that a prisoner may bring no civil rights action until he has exhausted all his available
9 administrative remedies, and the court noted that, under Booth v. Churner, 532 U.S. 731, 741
10 (2001), the exhaustion requirement was mandatory.  However, the court reasoned that review of
11 plaintiff's appeal at the director's level was complete on August 6, 2004 when the court granted
12 leave to proceed in forma pauperis and this action commenced.  Accordingly, in its November 29,
13 2004 order,  the court held that plaintiff had exhausted available administrative remedies prior to
14 bringing this action.

15 **II.    Discussion**

16  Defendants contend that plaintiff's action should be dismissed for failure to
17 exhaust administrative remedies and urge the court to reconsider its November 29, 2004 order.
18  The Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat.
19 1321 (1996) (codified as amended in scattered sections of 18, 28 and 42 U.S.C.), requires that
20 prisoners exhaust all available administrative remedies prior to bringing suit in federal court.
21 See 42 U.S.C. § 1997e(a).  Administrative exhaustion rules have two main purposes.  See
22 McCarthy v. Madigan, 503 U.S. 140, 145 (1992).  The first is to protect an administrative
23 agency's authority by giving the agency the first opportunity to resolve a controversy before a
24 court intervenes in the dispute.  See id.  The second is to promote judicial efficiency by either
25 resolving the dispute outside of the courts or by producing an administrative record that can aid
26 the court in processing the plaintiff's claim.  See id.  The Ninth Circuit recently noted that "the

language of § 1997e(a) strongly suggests that an exhaustion requirement defers, not bars, a federal suit: inmates may not sue 'until such administrative remedies as are available are exhausted.'" See Ngo v. Woodford, 403 F.3d 620, 628 (9th Cir. 2005)(emphasis in original) (quoting 42 U.S.C. § 1997e(a)).

In the present case, the record reveals that plaintiff has exhausted all administrative remedies available to him. In their motion to dismiss, defendants rely heavily on the fact that plaintiff's administrative remedies were not exhausted when he submitted his complaint to this court on February 5, 2004. While this is correct, the undersigned finds that the principle purposes of the PLRA were satisfied when this action began to move forward on August 6, 2004–on that date the agency had already been given the first opportunity to resolve the controversy and a factual record had been developed to aid the court in processing plaintiff's claim. It is arguable that a prisoner case does not commence in federal court until it is screened. See, e.g., 28 U.S.C. § 1915A(a) (stating that the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity). In other words, a case cannot begin to go forward until the court determines that the prisoner plaintiff has stated a cognizable claim. See id.

It clearly would not be in the interest of justice to dismiss a cognizable claim, which the court fully knows to have been exhausted at the time it was screened and before it was ever served on defendants, only to have plaintiff pay an additional filing fee to re-file the same claim. Indeed, such an action would appear to thwart judicial efficiency, which is one of the goals of the PLRA. Finally, the undersigned notes that the instant case is further complicated by having been transferred between two magistrate judges during the course of the litigation. The November 29, 2004 order was issued by the Honorable Peter A. Nowinski, United States Magistrate Judge. The undersigned is reluctant to reconsider Judge's Nowinski's interpretation of when the action commenced, especially when it is clear that plaintiff's administrative remedies were fully exhausted by the time the complaint was screened.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that defendants' motion to dismiss for failure to exhaust administrative remedies (doc. 22) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 19, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE