1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  TERRELL O'NEAL
11          Plaintiff,                    No. CIV S-04-0270 LKK CMK P
12      vs.
13  SGT. VAUGHN[1], et al.,
14          Defendants.                   FINDINGS & RECOMMENDATIONS
15  _____/
16          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). On January 26, 2006, the undersigned issued findings and recommendations which found that since the court granted plaintiff's request to proceed in forma pauperis after plaintiff exhausted available administrative remedies within the prison system, plaintiff had complied with the exhaustion requirement of 42 U.S.C. § 1997e(a) and recommended denying defendants' motion to dismiss. On March 9, 2006, the district court judge adopted the findings and recommendations. Pending before the court is defendants' motion

---

[1] Although the name "Vaughn" is in the caption, it appears that the correct name for this defendant is "Voong." The correct name for this defendant is reflected in plaintiff's August 24, 2004 response to the court's order to show cause and in defendants' motion to dismiss.

1

to stay this action.

A trial court has the inherent authority to manage its docket, and it may stay an action pending resolution of independent proceedings which have bearing upon the case. See <u>Mediterranean Enterprises, Inc. vv. Ssangyong Corp.</u>, 708 F.2nd 1458, 1465 (9th Cir. 1983). In determining whether to grant a stay, a trial court should consider whether a stay will promote the just and efficient determination of the case and whether the proceedings likely will conclude within a reasonable time.  See <u>Leyva v. Certified Grocers of California Ltd.</u>, 593 F2d 857, 864 (9th Cir. 1979).  The court must also consider the relative hardships to the parties and the simplification of issues and questions of law the could result from a stay.  See <u>CMAX, Inc. v. Hall</u>, 300 F.2d 264, 268 (9th Cir. 1962).

The question of when a suit is "brought" or "commenced" for purposes of 42 U.S.C. § 1983 is pending before the Ninth Circuit Court of Appeals in <u>Vaden v. Summerhill</u>, Case No. 05-15650.  Defendants assert that <u>Vaden</u> will be submitted to the appellate court for decision without oral argument on March 17, 2006.  However, there is no way of knowing when the appellate court will issue a decision.  Should the appellate court decide that filing a complaint commences an action, defendants could renew their motion to dismiss, thus negating the need for dispositive motions, pretrial procedures and trial.  Additionally, plaintiff will suffer little harm if this action is stayed.  The incident which gave rise to plaintiff's complaint took place in 2003, plaintiff's complaint has been pending since 2004, and it is clear that plaintiff has received medical attention for the incident.

The undersigned finds that a stay will promote a just and efficient determination of this case.

///

///

///

///

Based on the foregoing, IT IS RECOMMENDED that:

 1. Defendants' March 16, 2006 motion to stay this action (doc. 27-1) be granted;

 2. The Clerk of the Court be directed to administratively close this case; and

 3. The defendants be directed to file and serve a status report discussing the activity in <u>Vaden v. Summerhill</u>, Case No. 05-15650 within 120 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 23, 2006.

                                                      /s/ Craig M. Kellison  
                                                      **CRAIG M. KELLISON**  
                                                      UNITED STATES MAGISTRATE JUDGE