IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRELL O'NEAL,

    Plaintiff,                   No. CIV S-04-0270 LKK CMK P

  vs.

SGT. VAUGHN[1], et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Defendants' June 28, 2006 motion to dismiss is before the court.

///
///
///
///

---

[1] Although the name "Vaughn" is in the caption, it appears that the correct name for this defendant is "Voong." The correct name for this defendant is reflected in plaintiff's August 24, 2004 response to the court's order to show cause and in defendants' motion to dismiss.

1

## I. Factual and Procedural Background

Plaintiff alleges that, due to a seizure disorder, he had written medical clearance, also known as a "chrono," for a bottom bunk. Despite plaintiff's chrono for a bottom bunk, defendants placed him on a top bunk. Plaintiff subsequently had a seizure and fell off the top bunk, causing injuries.

Plaintiff submitted his complaint, along with a request to proceed in forma pauperis, to this court on February 5, 2004. On August 6, 2004, the court issued an order granting plaintiff's request to proceed in forma pauperis. Because it appeared that plaintiff had failed to exhaust his administrative remedies prior to bringing the complaint, the court issued a second order on August 6, 2004, directing the plaintiff to provide a written explanation of his apparent failure to exhaust available administrative remedies prior to filing in federal court. Plaintiff responded on August 24, 2004.

Plaintiff's August 24, 2004 response revealed the following. On November 28, 2003, plaintiff submitted an appeal alleging that he sustained injuries when he fell from a bunk bed during a seizure and that he should not have been assigned a top bunk. He requested an investigation, full accommodation with medical appliances for his injuries, medical attention and money damages. On December 1, 2003, plaintiff was told to resubmit the appeal with a copy of his lower bunk chrono.

Plaintiff returned the appeal with the copy of his lower bunk chrono on December 4, 2004 and on January 21, 2004, the appeal was denied at the first level of review.

On January 23, 2004, plaintiff appealed to the second level, requested that his appeal be granted in its entirety. Prison officials notified plaintiff that the time to resolve his appeal was extended from February 25, 2004, until March 1, 2004. On March 2, 2004, the appeal was partially granted in that it was determined that plaintiff was receiving proper medical attention but the other allegations were unsubstantiated.

///

1  On March 11, 2004, plaintiff appealed to the director's level.  He requested his
2 appeal be granted in its entirety and sought an internal investigation because prison officials had
3 misrepresented the facts surrounding the events of November 23, 2003.  The appeal was denied
4 June 10, 2004.
5  In an order filed November 29, 2004, the court noted that plaintiff had submitted
6 his complaint on February 5, 2004 and that the court granted plaintiff's request to proceed in
7 forma pauperis on August 6, 2004.  The court acknowledged that 42 U.S.C. § 1997e(a) requires
8 that a prisoner may bring no civil rights action until he has exhausted all his available
9 administrative remedies, and the court noted that, under <u>Booth v. Churner</u>, 532 U.S. 731, 741
10 (2001), the exhaustion requirement was mandatory.  However, the court reasoned that review of
11 plaintiff's appeal on the director's level was complete on August 6, 2004 when the court granted
12 leave to proceed in forma pauperis and this action commenced.  Accordingly, in its November 29,
13 2004 order,  the court held that plaintiff had exhausted available administrative remedies prior to
14 bringing this action.
15  By findings and recommendations filed January 20, 2006, the court declined to
16 reconsider the court's November 29, 2004 order and recommended that defendant's motion to
17 dismiss this action for failure to exhaust administrative remedies be denied. (Doc. 24.)  The
18 findings and recommendations were adopted on March 9, 2006. (Doc. 26.)
19  Defendants filed a motion to stay this action on March 16, 2006.  The court issued
20 findings and recommendations on March 24, 2006 recommending that the action be stayed on the
21 grounds that the question of when a suit is "brought" or "commenced" for purposes of 42 U.S.C.
22 § 1983 was pending before the Ninth Circuit Court of Appeals in <u>Vaden v. Summerhill</u>, Case No.
23 05-15650.  The Ninth Circuit has since decided <u>Vaden</u>, holding that a complaint is "brought" by a
24 prisoner when he submits it to the court.  See <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1050-51 (9th
25 Cir. 2006).  Defendants have renewed their motion to dismiss this action on the grounds that
26 plaintiff failed to exhaust his administrative remedies prior to bringing suit.  By separate order,

the court vacates its March 24, 2006 findings and recommendations and now considers defendants' June 28, 2006 motion to dismiss.

**II.     Discussion**

The Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (codified as amended in scattered sections of 18, 28 and 42 U.S.C.), requires that prisoners exhaust all available administrative remedies prior to bringing suit in federal court. See 42 U.S.C. § 1997e(a).  Administrative exhaustion rules have two main purposes.  See McCarthy v. Madigan, 503 U.S. 140, 145 (1992).  The first is to protect an administrative agency's authority by giving the agency the first opportunity to resolve a controversy before a court intervenes in the dispute.  See id.  The second is to promote judicial efficiency by either resolving the dispute outside of the courts or by producing an administrative record that can aid the court in processing the plaintiff's claim.  See id.  The Ninth Circuit recently clarified that a civil rights action was "brought" when the complaint was tendered to the clerk of the district court instead of when it was subsequently filed or when the district court granted plaintiff's request to proceed in forma pauperis.  See Vaden, 449 F.3d at 1050.

In the present case, the record reveals that plaintiff tendered his complaint to the district court clerk on February 5, 2004.  He did not exhaust his prison administrative remedies until June 10, 2004, nearly three months later. (See Doc. 29, Grannis Decl. ¶ 3-4.)  It is clear from the record that plaintiff did not exhaust his administrative remedies prior to sending his complaint to the district court.  Accordingly, the undersigned recommends that defendants' motion to dismiss be granted and that this action be dismissed without prejudice.

**III.     Conclusion**

Based on the foregoing, IT IS RECOMMENDED that defendants' motion to dismiss for failure to exhaust administrative remedies (doc. 29) be granted and that plaintiff's complaint be dismissed without prejudice.

These findings and recommendations are submitted to the United States District

1  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
2  days after being served with these findings and recommendations, plaintiff may file written
3  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
4  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
5  specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951
6  F.2d 1153 (9th Cir. 1991).

8  DATED:   October 19, 2006.

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE